```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```

NADINE TOWNSEND,

                Plaintiff,

   v.                                           No. 13-CV-1601
                                                   (MAD/CFH)

L.T. AUTO TRANSPORT, INC.,

                Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

NADINE TOWNSEND
Plaintiff, Pro Se
911 Central Avenue
Apartment #329
Albany, New York 12206

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION and ORDER**

    The Clerk has sent to the Court for review a complaint filed by pro se plaintiff Nadine Townsend ("Townsend"). Compl. (Dkt. No. 1). Townsend has also filed a motion to proceed in forma pauperis (IFP) (Dkt. No. 2) and requested appointment of counsel (Dkt. No. 3).

## II. DISCUSSION

### A. In Forma Pauperis Application

    The Court has reviewed Townsend's IFP application. Dkt. No. 2. Because Townsend sets forth sufficient economic need, the Court finds that Townsend qualifies to proceed IFP.

## B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Townsend brings this action against defendant LT Auto Transport alleging that on or about February 15, 2000, Townsend entered into a contract with defendant for the transport of her van from Texas to New York. Compl. ¶ 1. When defendant loaded the van onto its transport truck, the van functioned well. Id. ¶ 6. Moreover, Townsend indicated that she did not want the van driven or moved off the transport truck until it reached its final destination. Id. ¶¶ 5, 8. The defendant did not ship the van in the time frame indicated, delivering it late to New York. Id. ¶¶ 9, 11. When Townsend arrived to pick up the van in New York, the transmission was broken rendering the van inoperable. Id. ¶ 9. Townsend believes that the van was driven or otherwise handled improperly, resulting in damages for which the defendant refused to reimburse Townsend. Id. ¶¶ 10, 15, 19. Townsend alleges that the van had recently had a new engine installed in it which cost $30,000 and that she was seeking compensatory and punitive damages in the range of $45 million dollars. Id. ¶ 20.

The Court is foremost concerned with whether we possess the jurisdiction to entertain this suit and provide the relief sought. It is well settled that a federal court, whether trial or

appellate, is obligated to notice on its own motion the basis for its own jurisdiction. City of Kenosha, Wisconsin v. Bruno, 412 U.S. 507, 512 (1973); see also Alliance of Am. Ins. v. Cuomo, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction sua sponte). When subject matter jurisdiction is lacking, dismissal is mandatory. United States v. Griffin, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Thus, we begin with a review of the Court's jurisdiction to hear this case. Subject matter jurisdiction may be established in two ways: (1) if there is a federal question pursuant to 28 U.S.C. § 1331; or (2) if there is diversity of citizenship pursuant to 28 U.S.C. § 1332.

Townsend brings this action pursuant to multiple federal statutes, attempting to plead federal question jurisdiction. These statutes include The Federal Magnuson Moss Warranty Act, 15 U.S.C. § 2308(a)(c) ("MMWA"), 18 U.S.C. § 1501, and 18 U.S.C. § 1951. Compl. at 3.[1] None of these statutes appear to be appropriate for the relief sought.

The MMWA "provides a private right of action for a consumer against a manufacturer or retailer who inter alia fails to comply with the terms of a written or implied warranty." Jackson v. Eddy's LI RV Ctr., Inc., 845 F. Supp. 2d 523, 530 (E.D.N.Y. 2012) (citations omitted). These claims, distinguishable from a breach of contract, carry with them a four year statute of limitations. Id. at 531. Such actions require "an implied warranty arising under State law in connection with the sale by a supplier of a consumer product." Id. at 530 (internal quotation marks, alterations, and citations omitted). Townsend alleges the

---

[1] It appears that Townsend attempted to plead another statute as a basis for relief, but the citation for said statute was indecipherable.

existence of a service contract. She was not buying a product. There are also no allegations that any written or implied warranties existed. Moreover, the wrong Townsend alleged occurred over thirteen years ago, far beyond the four year statute of limitations. Accordingly, it seems that this is an incorrect vehicle for the present suit.

Similarly, 18 U.S.C. § 1501 deals with assault on a process server. This is clearly irrelevant to the chain of events which transpired in the present action.

Last, 19 U.S.C. § 1951 deals with interference with commerce by threats or violence. Specifically:

> Whoever in any way or degree obstructs, delays, or affects
> commerce or the movement of any article or commodity in
> commerce, by robbery or extortion or attempts or conspires so to
> so, or commits or threatens physical violence . . . in furtherance of
> a plan or purpose to do anything in violation of this section shall be
> fined . . . or imprisoned . . . or both.

Id., § 1951(a). In this case, Townsend does not allege that there was a robbery[2] or any type of extortion[3]. There was no taking of property, as Townsend voluntarily provided the van to defendant for its transport and received her van eventually upon its arrival in New York. Additionally, the defendant never threatened her or acted violently per Townsend's own description of the events. Instead, the events indicate a different cause of action, specifically that the defendant breached its contract with Townsend by delivering her van to New York late and not in the same condition as when it left Townsend's possession in

---

[2] Robbery is defined as "the unlawful taking or obtaining of personal property from the person . . . against his will, by means of actual or threatened force, or violence, or fear of injury . . . ." 18 U.S.C. § 1951(b)(1).

[3] Extortion is defined as "the obtaining of property from another, with his [or her] consent, induced by wrongful use of actual or threatened force, violence or fear . . . ." 18 U.S.C. § 1951(b)(2).

Texas.  Accordingly, as Townsend has failed to allege a federal statute under which relief is available, dismissal appears appropriate.

Despite the fact that the statutes that Townsend relied upon do not appear to support her claims, as a pro se litigant, her complaint must be read liberally.  That, in conjunction with the fact that the civil cover sheet which Townsend completed seems to indicate that she also intended to plead jurisdiction by this Court pursuant to diversity, compels the undersigned to evaluate another basis for her claim.  Again, as previously discussed, Townsend's allegations are best categorized as a claim for breach of contract, a state law tort.

For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and the parties must be citizens of different states.  28 U.S.C. § 1332(a).  Townsend seeks damages in the tens of millions of dollars.  In order to sustain diversity jurisdiction, there must be complete or total diversity, in that "the citizenship of each plaintiff is diverse from the citizenship of each defendant.  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  As Townsend is a citizen of New York and the defendant is allegedly a citizen of Texas, complete diversity appears to exist.   In light of Townsend's pro se status, this Court would generally direct Townsend to amend her complaint to provide clearer details regarding diversity jurisdiction.

However, a district court need not grant leave to amend where any such amendment would be futile.  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").  "Where jurisdiction rests upon diversity of

citizenship, a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations." Stuart v. American Cyanamid Co., 158 F.3d 622, 626 (2d Cir. 1998) (citations omitted). In New York, for a breach of contract claim, the statute of limitations for filing suit is six years. ABB Indus. Sys., Inc. v. Prime Tech., Inc., 120 F.3d 351, 360 (2d Cir. 1997) (citing N.Y. CIV. PRAC. L. § 213(2)). Moreover, "it is well settled that [in New York] the statute of limitations for breach of contract begins to run from the day the contract was breached, not from the day the breach was discovered, or should have been discovered." Id. (citations omitted). Accordingly, as Townsend's cause of action began to run in 2000, almost fourteen years ago, the fact that she just filed her complaint renders it futile as the statute of limitations has expired.

### C. Motion for Appointment of Counsel

Townsend has also filed a motion for appointment of counsel. Dkt. No. 3. In light of the present recommendation, this motion is denied without prejudice as moot at this time. However, in the event this recommendation is not adopted and the complaint is accepted by the Court, Townsend is free to renew her request for appointment of counsel.

### III. Conclusion

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP application (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that plaintiff's request for appointment of counsel (Dkt. No. 3) is **DENIED WITHOUT PREJUDICE** and with a right to renew if this Report and Recommendation is not

adopted and the Court accepts Townsend's complaint for filing; and it is further

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, Townsend's complaint is **DISMISSED** for failure to properly allege the Court's jurisdiction; and it is further

**RECOMMENDED** that, because of the futility of amendment, Townsend not be provided an opportunity to amend her complaint; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 24, 2014
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge