UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NADINE V. TOWNSEND,

                         Plaintiff,

vs.                                          1:13-cv-1601
                                                       (MAD/CFH)

L.T. AUTO TRANSPORT, INC.,

                         Defendant.

---

APPEARANCES:                            OF COUNSEL:

NADINE V. TOWNSEND
911 Central Avenue, #329
Albany, New York 12206
Plaintiff *pro se*

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
APR 18 2014
LAWRENCE K. BAERMAN, CLERK
ALBANY

Mae A. D'Agostino, U.S. District Judge:

## ORDER

Plaintiff commenced this action *pro se*, along with ten other, separate actions, on December 31, 2013.[1] In the instant action, Plaintiff seeks damages in the amount of $45,000,000 for harm to a van she alleges that Defendant caused while transporting the van from Texas to New York in 2000. *See* Dkt. No. 1.

In a January 24, 2014, Report-Recommendation and Order, Magistrate Judge Christian F. Hummel granted Plaintiff's application to proceed *in forma pauperis*, denied Plaintiff's motion to appoint counsel, and reviewed the sufficiency of the complaint. *See* Dkt. No. 4. Magistrate Judge Hummel noted that Plaintiff alleged causes of action under several federal statutes, and determined that "Townsend has failed to allege a federal statute under which relief is available."

---

[1] *See Townsend v. Dordofsky et al.*, 1:13-cv-1603 (MAD/ATB), Dkt. No. 4 at 3 n.1 (collecting cases).

*Id.* at 5. Construing the complaint liberally, Magistrate Judge Hummel then assessed whether the Court could exercise diversity jurisdiction over this matter if Plaintiff were granted leave to amend her complaint. Finding that a breach of contract claim under New York state law would be barred under the applicable statute of limitations, Magistrate Judge Hummel determined that any such amendment would be futile. *See id.* at 6. As such, Magistrate Judge Hummel recommended that the Court dismiss the complaint with prejudice for failure to allege subject matter jurisdiction. *See id.* at 7. Plaintiff has not objected to the Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v.*

*Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Hummel's Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Hummel correctly recommended that the Court should dismiss Plaintiff's complaint with prejudice. A review of Plaintiff's complaint makes clear that the Court lacks subject matter jurisdiction over this case. Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). An opportunity to amend, however, is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Magistrate Judge Hummel correctly recommended that the Court dismiss the complaint with prejudice because the Court lacks jurisdiction over this matter; and, therefore, amendment would be futile.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that this action is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular mail.

_____
Mae A. D'Agostino, US District Judge
Albany, New York
April 18, 2014